*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HENRY BORELLI,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Civil Action No. 17-2814 (JLL)

**OPINION**

**LINARES**, Chief District Judge:

Presently before the Court is the petition for a writ of error *coram nobis* filed by Henry Borelli ("Petitioner") purportedly brought pursuant to the All Writs Act, 28 U.S.C. § 1651(a). (ECF No. 2) Respondent, United States of America ("Respondent" or "Government"), filed a response (ECF No. 11), to which Petitioner replied (ECF No. 13). For the following reasons, the Court will dismiss the petition.

## I. BACKGROUND

On August 4, 1981, Petitioner, Henry Borelli, pled guilty to one count of conspiring to transport stolen automobiles in interstate commerce in violation of 18 U.S.C. § 371 and one count of transporting stolen automobiles in interstate commerce in violation of 18 U.S.C. § 2312. (ECF No. 11 at 2; ECF No. 2 at 8-25). On October 25, 1981, Petitioner was sentenced to five years imprisonment for the conspiracy offense, and five years of probation/supervised release to be served consecutively to his term of imprisonment for the § 2312 charge. (*See* ECF No. 2 at 25).

Prior to the conclusion of Petitioner's five year prison sentence, however, he was convicted in the Southern District of New York of related crimes, for which he ultimately received a sentence of fifteen consecutive ten year terms of imprisonment.[1] *See United States v. Gaggi*, 811 F.2d 47, 62-63 (2d Cir. 1987). Because Petitioner received these additional consecutive sentences from the Southern District of New York, and although he has completed the five year prison sentence imposed by this Court, he has not yet served the five year term of supervised release to which he was also sentenced, and he will be subject to that five year term should he complete his New York sentence. (ECF No. 2 at 1). In August 2016, some thirty five years after his guilty plea, Petitioner filed the instant petition for a writ of error *coram nobis*, in which he seeks to have his 1981 conviction and sentence vacated. (ECF No. 2).

## II. DISCUSSION

### A. Legal Standard

A petitioner who has completed his sentence and is no longer in custody pursuant to his judgment of conviction but continues to suffer collateral consequences from his conviction may seek to challenge his conviction through a petition for a writ of error *coram nobis*. *United States v. Biondi*, 600 F. App'x 45, 46 (3d Cir. 2015); *see also United States v. Stoneman*, 870 F.2d 102, 105-06 (3d Cir. 1989). A writ of error *coram nobis*, however, "is an 'infrequent' and

---

[1] Petitioner also received a life sentence for murder related charges in that prosecution, but the murder charges and Petitioner's life sentence were vacated by the Second Circuit due to a failure of the Government to prove that the individuals who were killed were "citizens" as required by the statute under which Petitioner had been convicted. *Gaggi*, 811 F.2d at 53-58. The Second Circuit did, however, affirm Petitioner's fifteen consecutive ten year sentences for the non-murder offenses in that case. *Id.* at 62-63.

2

'extraordinary' form of relief that is reserved for 'exceptional circumstances.'" *United States v. Babalola*, 248 F. App'x 409, 411 (3d Cir. 2007) (*quoting Stoneman*, 870 F.2d at 106). Indeed, the Supreme Court has observed that the granting of a writ of error *coram nobis* is so extreme a remedy that it "is difficult to conceive of a situation in a federal criminal case today where [*coram nobis* relief] would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996).

As the Third Circuit has explained,

> Because of the strong interest in finality of judgments, the standard for a collateral attack on a conviction via a writ of error *coram nobis* is more stringent than the standard applicable on a direct appeal. Indeed, because a defendant seeking *coram nobis* relief has already completed her sentence, the interests in favor of revisiting the judgment are even less than in the habeas context, where the petitioner is still "in custody." Thus, only where there are errors of fact of the *most fundamental kind*, that is, such as to render the proceeding itself irregular and invalid . . . can redress be had, and relief will be granted only when circumstances compel such action to achieve justice. Despite this heavy burden, both the Supreme Court and [the Third Circuit] have reaffirmed the continued existence of *coram nobis* relief in the appropriate circumstances.
>
> In addition to the cardinal requirement for issuance of the writ that errors of . . . the most fundamental kind had infected the proceedings, this court has articulated several other threshold considerations to *coram nobis* relief. A *coram nobis* petitioner must also show that (1) he is suffering from continuing consequences of the allegedly invalid conviction, (2) there was no remedy available at the time of trial, and that (3) sound reasons exist for failing to seek relief earlier. Of course, earlier proceedings are presumptively correct and the petitioner bears the burden to show otherwise.

*Babalola*, 248 F. App'x at 411-12 (internal quotations and citations omitted); *see also Stoneman*, 870 F.2d at 106, *United States v. Osser*, 864 F.2d 1056, 1059-62. Failure to establish any of the

above elements will defeat a petition for *coram nobis* relief. *Stoneman*, 870 F.2d at 106.

## B. Analysis

As this Court has noted above, although Petitioner has completed the imprisonment portion of his sentence, he remains subject to a period of supervised release that he has yet to serve because he remains incarcerated pursuant to a judgment entered in the Southern District of New York. A petition for a writ of error *coram nobis* may only be pursued by those petitioners who are not "in custody" pursuant to the conviction they seek to challenge. *See Stoneman*, 870 F.2d at 105-06 (coram nobis petition can be sought only "when the petitioner has served his sentence and is no longer 'in custody' for purposes of" a motion to vacate sentence under 28 U.S.C. § 2255); *see also United States v. Baptiste*, 223 F.3d 188, 189 (3d Cir. 2000). A petitioner may therefore not "utilize *coram nobis*" unless he has "completely served [his] sentence." *United States v. Woods*, 986 F.2d 669, 676 (3d Cir.), *cert. denied*, 510 U.S. 826 (1993); *see also United States v. Rhines*, 640 F.3d 69, 71 (3d Cir. 2011). Thus, if a petitioner is "in custody" for the purposes of § 2255, he is barred from seeking *coram nobis* relief, and is instead limited to whatever relief may be available pursuant to § 2255. *See Rhines*, 640 F.3d at 71-72 (*coram nobis* only available to those not in custody; that a petitioner is procedurally barred from seeking § 2255 relief for whatever reason will not make *coram nobis* relief available so long as petitioner remains in custody); *see also Baptiste*, 223 F.3d at 189-90.

Whether a petitioner is "in custody" for the purposes of 28 U.S.C. § 2255 is not simply a question of whether he is still serving a custodial sentence. *See, e.g., United States v. Baird*, 312 F. App'x 449, 450 (3d Cir. 2008). A petitioner who is on supervised release, or is still subject to

4

a period of supervised release upon his release from prison, pursuant to the conviction he seeks to challenge remains "in custody" for the purposes of § 2255, and as such a petitioner on or still subject to supervised release remains "in custody" and may not seek relief via a petition for a writ of error *coram nobis*. *Id.* In this matter, Petitioner as much as admits that although he has served the five year prison sentence he received from this Court, he has not yet served his five year supervised release term because he remains in prison pursuant to a judgment entered against him in the Southern District of New York. (ECF No. 2 at 1); *see also United States v. Borelli*, Docket No. 84-63, ECF No. 886 at (S.D.N.Y Feb. 24, 2017). Because Petitioner has not yet served his supervised release term and will only serve that term once he is released from prison on the charges incurred in New York, Petitioner remains "in custody" for § 2255 purposes. S*ee United States v. Kaplan*, Nos. 13-5295 and 14-1007, 2015 WL 1268194, at *2 (D.N.J. Mar. 18, 2015). Because Petitioner remains "in custody" for the purposes of § 2255, *coram nobis* relief remains unavailable to him, and his current petition must therefore be dismissed.[2]

---

[2] Because Petitioner remains "in custody" for § 2255 purposes, the only means through which he may challenge his conviction would be through a motion to vacate sentence brought pursuant to § 2255. Section 2255 motions, however, are subject to a one year statute of limitations. *See* 28 U.S.C. § 2255(f). For those petitioners whose convictions became final prior to the adoption of the Antiterrorism and Effective Death Penalty Act of 1996, that one year limitations period runs from AEDPA's effective date – April 24, 1996. *See, e.g., Geiger v. Balicki*, No. , 2011 WL 345930, at *2 (D.N.J. Feb. 2, 2011). Petitioner's one year limitations period thus would have elapsed in April 1997 absent some basis for the tolling of the limitations period. As Petitioner did not file his *coram nobis* petition until August 2016, his *coram nobis* petition, if reconstrued as a § 2255 motion, would most likely be time barred by nearly twenty years. As such, it would be of no benefit to Petitioner for this Court to reconstrue his barred *coram nobis* petition as a motion to vacate sentence pursuant to 28 U.S.C. § 2255. Because such a recharacterization would be of no benefit to Petitioner, and indeed could have some negative consequences were a reconstrued petition dismissed as time barred pursuant to § 2255(f), *see Castro v. United States*, 540 U.S. 375, 383 (2003), and because Petitioner specifically sought relief pursuant to the "remedy of *coram nobis*" only in his petition, this Court will not reconstrue the petition as a § 2255 motion. To the

## III. CONCLUSION

For the reasons stated above, petitioner's petition for a writ of error *coram nobis* is DISMISSED. An appropriate order follows.

							_____
							JOSE L. LINARES,
							Chief Judge, United States District Court

---

extent Petitioner wishes to challenge his conviction pursuant to § 2255, he may do so by filing an appropriate motion.